USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__09/23/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                           :

M.R., INDIVIDUALLY and ON BEHALF OF J.R., A   :
CHILD WITH A DISABILITY,                         :
                              Plaintiff,        :         21-CV-5503 (VEC)
                                               :
                 -against-                   :         <u>OPINION AND ORDER</u>
                                               :
NEW YORK CITY DEPARTMENT OF                :
EDUCATION,                                         :
                                               :
                                Defendant.      :
                                               :
-----------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Plaintiff M.R. sued the New York City Department of Education (DOE) pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act (IDEA).  Plaintiff then moved for summary judgment, seeking $84,884.87 for legal fees and costs associated with Plaintiff's IDEA claims.  R&R, Dkt. 47 at 1.  On February 2, 2022, the Court referred this case to Magistrate Judge Netburn for the preparation of reports and recommendations ("R&Rs") on dispositive motions.  Order, Dkt. 28.

On June 15, 2022, Magistrate Judge Netburn entered an R&R on Plaintiff's motion for summary judgment, recommending that the Court grant Plaintiff's motion in part and award Plaintiff $46,407.25 in fees and $760.57 in costs, for a total of $47,167.82.  R&R at 1, 17.  Both parties objected to the R&R.  *See* Pl. Obj., Dkt. 49; Def. Obj., Dkt. 50.

## DISCUSSION

### I.     Legal Standard

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The

Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge, *see Robinson v. Keane*, No. 92-CV-6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation."), but "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to,"  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

## II.     The Court Adopts the R&R in Part

The R&R is adopted in part and modified in part.  Plaintiff is awarded $32,169.91 in fees and $760.57 in costs.  Given the objections filed by the parties, the Court conducts a *de novo* review of the recommended fee award.[1]

The Court agrees with the DOE that the R&R's recommended award of fees is not justified in light of the relatively uncomplicated nature of the work involved in this case.  First, the Court adheres generally to the hourly rates for attorneys in the Cuddy Law firm that this Court found were appropriate in *R.G. v. New York City Dep't of Educ.*, No. 18-CV-6851, 2019 WL 4735050 (S.D.N.Y. Sept. 26, 2019).  Given the passage of time since that opinion, the Court finds that it is appropriate to increase the hourly rates approved in *R.G.* by 5%.  Second, the Court reduces the number of hours billed for the administrative proceeding by an additional 15% given the very straightforward nature of the proceedings.  Third, the Court reduces the hourly

---

[1]      Although the Court reviews the R&R *de novo*, the Court notes that many of the DOE's arguments are redundant of arguments raised in its initial briefing.  Indeed, portions of Defendant's objections appear to be lifted verbatim from their opposition brief.  *Compare, e.g.*, Def. Obj., Dkt. 50 at 4 *with* Def. Resp., Dkt. 34 at 7.

rates billed for work performed by paralegals Woodard and Pinchak.  The Court adopts the R&R's analysis as to the remaining fee and cost calculations.

In *R.G.*, the court applied the *Johnson* factors to determine that $350 per hour was an appropriate hourly rate to assign to Andrew Cuddy as senior counsel.  *See R.G.*, 2019 WL4735050, at *2–3 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).  Given Nina Aasen's significant experience, *see* R&R at 8, the Court agrees with Magistrate Judge Netburn that Aasen should also be compensated as senior counsel.  After increasing the rate assigned to senior counsel in *R.G.* by 5%, the Court finds that an hourly rate of $367.50 is appropriate for Cuddy and Aasen.

Kevin Mendillo was admitted to the bar in 2011 and joined the Cuddy Law Firm in 2014. Pl. Mem., Dkt. 25 at 19; Mendillo Decl. Dkt. 24 ¶¶ 4, 5.  In *R.G.*, the Court assigned a senior attorney who had practiced law for twenty-five years, eleven years of which were spent litigating IDEA cases, an hourly rate of $300 per hour.  *See R.G.*, 2019 WL4735050, at *3.  The Court also assigned a junior associate, who had less than three years of litigation experience, all of which were at the Cuddy Firm, an hourly rate of $150 per hour.  *See id.*  As the Second Circuit has stated, "most important legal skills are transferrable," and an attorney's overall experience litigating cases is a significant factor in calculating an appropriate hourly rate.  *I.B. v. N.Y. City Dep't of Educ.*, 336 F.3d 79, 81 (2d Cir. 2013).  Accordingly, the Court finds that an hourly rate of $200 is appropriate for Mendillo based on the factors analyzed in *R.G.*; with an additional 5% increase to adjust for the passage of time, this yields a final rate of $210 for Mendillo.

Justin Coretti was admitted to the bar in 2013 and began working at the Cuddy Law Firm in 2015.  R&R at 10; Pl. Mem. at 20.  Although Coretti does not indicate for how long he has been litigating IDEA cases, he has "represented parents in over fifty impartial due process

3

hearings" and worked as lead counsel for the federal action.  Coretti Decl., Dkt. 21 ¶ 6.  While

Coretti has significant experience litigating IDEA cases, he is a mid-level associate and has only

been practicing law for nine years, two years fewer than Mendillo.  The Court finds that $175 is

an appropriate hourly rate for Coretti based on the factors analyzed in *R.G.*; allowing for a 5%

increase to adjust for the passage of time, this results in a final hourly rate of $183.75 for Coretti.

Benjamin Kopp was admitted to the bar in 2016 and has practiced with the Cuddy Law

Firm since 2018.  As Magistrate Judge Netburn noted, Kopp has "significantly less experience

than Mendillo and Coretti."  R&R at 11.  Kopp has slightly more experience than the associate

who was awarded $150 in *R.G.*  *See R.G.*, 2019 WL4735050, at *3.  The Court finds that an

appropriate hourly rate for Kopp is $160 per hour based on the analysis contained in *R.G.*, with

an additional 5% increase to adjust for the passage of time to yield a final rate of $168.  This

award is appropriate in light of Kopp's "recent graduation from law school and his limited

experience with IDEA litigation."  *Id.*

Finally, the Court finds that the rates assigned to paralegals Sara Woodard and Amanda

Pinchak are excessive.  "A rate of $125 per hour is reasonable for a paralegal with an associate's

degree *and* substantial experience in the field."  *Id.* (quoting *K.F. v. N. Y. City Dep't of Educ.*,

No. 10-CV-5465, 2011 WL 3586142, at *6 (S.D.N.Y. Aug. 10, 2011) (emphasis added)).

Plaintiff does not argue that Woodard has received special training; the Magistrate Judge relied

solely on Woodard's extensive experience to assign her the higher rate of $125 per hour.  *See*

R&R at 11–12; Pl. Mem. at 20.  While Plaintiff states that Pinchak has "completed a 24-credit

hour paralegal certificate program at Cayuga Community College," there is no suggestion that

she has "substantial experience."  Cuddy Decl., Dkt. 19 ¶ 31.  Rather, Plaintiff only states that

she was employed by the firm from 2016–2019.  *See id.*  "When the fee-seeking party fails to

explain what qualifications entitle the paralegal to a higher rate, a rate at the bottom of the range is warranted." *R.G.*, 2019 WL 4735050, at *3. Accordingly, the Court finds that an hourly rate of $100 is appropriate for paralegals Woordard and Pinchak.

The Court further finds that the hours billed for work performed at the administrative level are excessive. Magistrate Judge Netburn recommends awarding Plaintiff's counsel 73.6 hours in attorney time and 37.7 hours in paralegal time, a total of 111.3 hours. *See* R&R at 14. The administrative proceeding was a routine hearing, which lasted fewer than three hours and in which only three witnesses testified. *See* R&R at 3; *see also* Cuddy Decl., ¶¶ 51, 53. Furthermore, drafting the due process complaint — a standard letter barely seven pages long — should have been a straightforward task even for junior counsel. *See* Cuddy Decl., Exs. 1, 2, Dkt. 19. Indeed, if Plaintiff's counsel truly spent the amount of time preparing for a routine hearing that they represent they did, "the hourly rates granted for those attorneys are excessive." *R.G.*, 2019 WL 4735050, at *5 n.8. The Court finds that an additional 15% reduction of the number of hours billed for the administrative proceeding is appropriate.

Aasen billed "more than four hours of travel each way for the three in-person merit hearings," R&R at 13, which Magistrate Judge Netburn recommends reducing to one hour per trip, *id.* at 14. This Court has previously refused to award Plaintiff's counsel costs associated with travel, noting that "it is doubtful that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York City rates and . . . billable time for each trip." *R.G.*, 2019 WL 4735050, at *6 (quoting *K.F.*, 2011 WL 3586142, at *6) (alteration omitted). The Court declines to compensate Aasen for time spent traveling.

Taking into the account the above adjustments, the Court awards fees for the administrative proceedings in the total amount of $22,627.49:

| Attorneys (Administrative Proceedings) | | | |
|---|---|---|---|
| Name | Hourly Rate | Hours | Total |
| Andrew Cuddy | $367.50 | 4.17 | $1,530.64 |
| Nina Aasen | $367.50 | 41.40 | $15,212.66 |
| Kevin Mendillo | $210.00 | 0.17 | $35.70 |
| Justin Coretti | $183.75 | 10.97 | $2,014.82 |
| Benjamin Kopp | $168.00 | 3.32 | $556.92 |
| Total: | | 60.01 | **$19,350.74** |

| Paralegals (Administrative Proceedings) | | | |
|---|---|---|---|
| Name | Hourly Rate | Hours | Total |
| Shobna Cuddy | $100.00 | 1.53 | $153.00 |
| Burhan Meghezzi | $100.00 | 0.60 | $59.50 |
| Sara Woodard | $100.00 | 0.77 | $76.50 |
| Allison Bunnell | $100.00 | 10.46 | $1,045.50 |
| Amanda Pinchak | $100.00 | 9.18 | $918.00 |
| John Slaski | $125.00 | 2.89 | $361.25 |
| Caitlin O'Donnell | $100.00 | 6.63 | $663.00 |
| Total: | | 32.05 | **$3,276.75** |

Applying the reduced rates for the attorneys and paralegals as determined above, the Court

calculates a total of $9,542.42 in fees for the federal court proceeding, as set forth below:

| Attorneys (Federal Proceedings) | | | |
|---|---|---|---|
| Name | Hourly Rate | Hours | Total |
| Andrew Cuddy | $367.50 | 3.45 | $1,267.88 |
| Kevin Mendillo | $210.00 | 5.55 | $1,165.50 |
| Justin Coretti | $183.75 | 33.83 | $6,215.34 |
| Benjamin Kopp | $168.00 | 3.40 | $571.20 |
| Total: | | 46.23 | **$9,219.92** |

| Paralegals (Federal Proceedings) | | | |
|---|---|---|---|
| Name | Hourly Rate | Hours | Total |
| Shobna Cuddy | $100.00 | 1.95 | $195.00 |
| ChinaAnn Reeve | $100.00 | 0.90 | $90.00 |
| Caitlin O'Donnell | $100.00 | 0.38 | $37.50 |
| Total: | | 3.23 | **$322.50** |

6

Plaintiff argues that decreasing both the hourly rate and the number of hours billed for work done at the administrative level on the grounds that the administrative proceedings were straightforward improperly double-counts the *Johnson* factors in the lodestar adjustment.  *See* Pl. Obj. at 21.  The Court disagrees because the *Johnson* factors are not to be applied so rigidly.  As the Second Circuit has stated, because "the lodestar is no longer a lodestar in the true sense of the word," *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections*, 522 F.3d 182, 189 (2d Cir. 2008) (cleaned up), courts have discretion to adjust the fees calculation resulting from the *Johnson* calculation, *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019).

Plaintiff further argues — frequently recycling arguments raised in her initial briefing[2] — that Magistrate Judge Netburn awarded rates lower than what IDEA attorneys, including Plaintiff's counsel, have been granted previously.[3]  *See* Pl. Obj. at 3–5, 11, 15–16.  Plaintiff points to Defendant's retainer agreement for counsel, which assigns any associate an hourly rate of $300, regardless of the associate's experience level.[4]  Pl. Obj. at 11.  Plaintiff also acknowledges, however, that courts have also recently awarded Plaintiff's counsel rates that fall below Magistrate Judge Netburn's recommendation.  Because the fee-shifting provision requires fact-intensive analysis, references to higher or lower rates paid to other attorneys or assigned in

---

[2]       Plaintiff further claims that Magistrate Judge Netburn "ignore[d]" several of Plaintiff's arguments that were raised in prior briefs, including the declarations Plaintiff submitted, Pl. Obj., Dkt. 49 at 7, based on little more than the R&R's disagreement with Plaintiff's arguments.

[3]       Among these decisions is *Y.G. v. N.Y. City Dep't of Educ.*, No. 21-CV-641, 2022 WL 1046465 (S.D.N.Y. Apr. 7, 2022), which was the subject of supplemental briefing that Plaintiff previously submitted to Magistrate Judge Netburn.  *See* Pl. Obj. at 12, 14; Pl. Letter, Dkt. 46.

[4]       The Court agrees with DOE that the R&R's comparison of fees the City agreed to pay to Hoguet Newman Regal & Kenney, LLP ("HNRK") to fees that are appropriate for the Cuddy Law Firm is inapt, given that HNRK is not a firm that specializes in IDEA litigation.  *See* Def. Obj. at 6.  The Court also notes that the rate to which Plaintiff points is clearly a blended rate.  It is high and overcompensates for the work of very junior associates but is low and undercompensates for the work of very senior associates.

previous cases are not particularly helpful.  *See R.G.*, 2019 WL 473050, at \*2 n.4; *R.P. v. New York City Dep't of Educ.*, No. 21-CV-4054 2022 WL 1239860, at \*4 (S.D.N.Y. Apr. 27, 2022).

Plaintiff also argues, for the first time, that Magistrate Judge Netburn should have recommended the appointment of a court-appointed expert witness.  *See* Pl. Obj. at 17–19.  Because this argument was not presented to Magistrate Judge Netburn, it is not an appropriate objection to the R&R.  *See Robinson*, 1999 WL 459811, at \*4.

Finally, Plaintiff contorts Magistrate Judge Netburn's parting comments to argue that the R&R rests on an incorrect interpretation of *D.P. v. New York City Department of Education*, No. 21-CV-27, 2022 WL 103536 (S.D.N.Y. Jan. 10, 2022).  *See* Pl. Obj. at 2.  Magistrate Judge Netburn invoked *D.P.* as part of her request to "these particular parties to adopt a more cooperative approach to fee disputes," R&R at 16, not as part of her calculation of the appropriate attorneys' fees and costs, as Plaintiff suggests.  The Court joins Judge Failla and Magistrate Judge Netburn in encouraging both Plaintiff's counsel and DOE to work more cooperatively in resolving fee disputes, which would likely yield better outcomes for all parties involved.

**CONCLUSION**

For the foregoing reasons, the R&R is adopted in part, and Plaintiff's motion is GRANTED in part.  Plaintiff is awarded $32,169.91 in fees and $760.57 in costs.  The Clerk of Court is respectfully directed to terminate the open motion at docket entry 17 and to close this case.

**SO ORDERED.**

Date:  **September 23, 2022**
       **New York, NY**

                                **VALERIE CAPRONI**
                          **United States District Judge**