```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/31/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
M.R., INDIVIDUALLY and ON BEHALF OF J.R., A                          :
CHILD WITH A DISABILITY,                                             :
                                        Plaintiff,                   :           21-CV-5503 (VEC)
                                                                     :
                        -against-                                    :              ORDER &
                                                                     :       AMENDED JUDGMENT
NEW YORK CITY DEPARTMENT OF                                          :
EDUCATION,                                                           :
                                                                     :
                                        Defendant.                   :
                                                                     :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Plaintiff M.R. sued the New York City Department of Education ("DOE") for attorneys' fees associated with a claim pursuant to the Individuals with Disabilities Education Act ("IDEA"). Compl., Dkt. 1. Plaintiff then moved for summary judgment. Pl. Mot., Dkt. 17. On September 23, 2022, the Court awarded Plaintiff $32,169.91 in fees and $760.57 in costs. Opinion, Dkt. 56. Defendant filed a motion for reconsideration on September 30, 2022, Mot., Dkt. 58, which Plaintiff opposed, Dkt. 59. For the reasons stated below, Defendant's motion for reconsideration is GRANTED.

## BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this case and will only recite the facts that are relevant to this motion. On December 17, 2021, Plaintiff moved for summary judgment, seeking $84,884.87 for legal fees and costs associated with Plaintiff's IDEA claims. R&R, Dkt. 47 at 1; Pl. Mot. Magistrate Judge Netburn entered a report and recommendation ("R&R") on the motion recommending that the Court grant Plaintiff's motion in part and award Plaintiff $46,407.25 in fees and $760.57 in costs, for a total of $47,167.82. *See*

1

R&R at 1, 17.  Both parties objected to the R&R.  See Pl. Obj., Dkt. 49; Def. Obj., Dkt. 50.  The Court adopted Magistrate Judge Netburn's recommendation in part and awarded Plaintiff $32,169.91 in fees, including $22,627.49 in attorneys' fees for the administrative hearing, $9,542.42 in attorneys' fees for the federal court action, and $760.57 in costs.  See Opinion at 2, 6.

On September 30, 2022, Defendant filed a letter seeking a pre-motion conference on its anticipated motion for reconsideration on the grounds that, because DOE had, on October 5, 2021, made a written settlement offer of $28,000 pursuant to 20 U.S.C. § 1415(i)(3)(D)(i),[1] and because the Court awarded Plaintiff fees totaling less than $28,000 for work performed prior to October 5, 2021, the Court was not permitted to award Plaintiff attorneys' fees for work performed after that date.  See Mot. at 1.  On September 30, 2022, the Court endorsed Defendant's letter stating that it would not hold a pre-motion conference, but it would construe Defendant's letter as a motion for reconsideration and consider it accordingly.  Order, Dkt. 60.

Plaintiff filed a letter on October 3, 2022, opposing Defendant's motion and asking the Court to deny Defendant's motion without prejudice pending Plaintiff's anticipated appeal.  Pl. Opp., Dkt. 59.  Plaintiff further argued that because she was substantially justified in rejecting Defendant's settlement offer, the fee cap provision does not apply.  Id. at 1.  The Court endorsed Plaintiff's letter on October 3, 2022, stating that the Court would proceed with deciding the motion for reconsideration and reminding Plaintiff that she was entitled to submit an opposition brief to Defendant's motion by the Court-ordered deadline of October 14, 2022.  Order, Dkt. 61.  Plaintiff filed a notice of appeal on October 4, 2022, and did not further oppose Defendant's motion for reconsideration.

---

[1]  The cited statute is the IDEA analog to Federal Rule of Civil Procedure 68.

## DISCUSSION

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 60(b), a district court has discretion to provide relief from a final judgment or order in limited circumstances. A motion for reconsideration may be granted if the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted).

The IDEA allows districts courts to award attorneys' fees to parents who prevail in a dispute brought pursuant to the IDEA. The IDEA prohibits, however, "an award of attorneys' fees 'for services performed subsequent to the time of a written offer of a settlement to a parent' if, among other requirements, 'the court . . . finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.'" *C.G. v. Ithaca City Sch. Dist.*, 531 F. App'x 86, 88 (2d Cir. 2013) (quoting 20 U.S.C. § 1415(i)(3)(D)(i)(III)). Under those circumstances, a parent may only recover post-settlement offer fees if the parent "was substantially justified in rejecting the settlement offer." 20 U.S.C. § 1415(i)(3)(E).

### II. The Motion for Reconsideration is GRANTED

Although Plaintiff filed a notice of appeal on October 4, 2022, Dkt. 63, the notice of appeal does not take effect until the pending motion for reconsideration has been resolved. *See* Fed. R. App. P. 4(a)(4)(B)(i); *see also Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 717–18 (2019) ("A timely motion for reconsideration . . . renders an otherwise final decision of a district court not final for the purposes of appeal." *Id.* at 717 (internal quotation omitted).). Accordingly, the Court retains jurisdiction to decide DOE's motion for reconsideration.

On October 5, 2021, DOE offered Plaintiff $28,000 to settle her claim for fees. Mot. at 1. If the Court awarded Plaintiff less than $28,000 for fees and costs for work performed prior to that date, then, absent a showing of substantial justification for rejecting the offer, Plaintiff is not entitled to fees incurred after receipt of the settlement offer. *See C.G.*, 531 F. App'x at 88. To determine whether that is the case, the Court must add the awarded fees incurred for legal work during the administrative proceeding with the awarded fees incurred for work done in connection with the federal court litigation prior to Plaintiff's receipt of the settlement offer and compare that total to the settlement offer.

The offer of settlement was made after Plaintiff filed the federal lawsuit but before much work had been done in connection with it. Indeed, prior to October 5, 2021, the only filing made by Plaintiff in federal court was the Complaint. Compl. Using the data from Plaintiff's updated billing statement, Cuddy Decl. Ex. 1 ("Billing Statement"), Dkt. 40, the Court awarded Plaintiff $1,350.38 in attorneys' fees for work performed in connection with the federal court litigation prior to October 5, 2021. Opinion at 6; *see also* R&R at 12 (discussing Plaintiff's billing records).

The Court derives that amount by first totaling the number of hours billed by all attorneys and paralegals for work performed in relation to the federal proceeding prior to receipt of DOE's offer of settlement on October 5, 2021, then reducing that amount by 25% in accordance with the R&R's recommendation that was adopted by the Court, *see* R&R at 15; Opinion at 3, and, finally, multiplying the reduced hours for each timekeeper by the adjusted hourly rates adopted in the Court's Opinion, *see* Opinion at 6.

| Attorneys' Fees for Federal Proceeding Before October 5, 2021 | | | | |
|---|---|---|---|---|
| | **Attorneys** | | **Paralegals** | |
| | **A. Cuddy** | **Coretti** | **S. Cuddy** | **O'Donnell** |
| **Hours Billed** | 0.90 | 7.40 | 0.60 | 0.50 |
| **Hours Billed (reduced by 25%)** | 0.68 | 5.55 | 0.45 | 0.38 |
| **Adjusted Hourly Rate** | 367.50 | 183.75 | 100.00 | 100.00 |
| **Fees Billed Before 10/5/21** | $248.06 | $1,019.81 | $45.00 | $37.50 |
| **Total Fees** | | | | $ 1,350.38 |

The Court does not award fees for hours worked on October 5, 2021, as the statute clearly states that attorneys' fees are not recoverable "for services performed subsequent to the time of a written offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i)(III). The only billing entry for October 5, 2021, indicates that all work billed that day was performed after receipt of the settlement offer. Mr. Coretti's time entry for October 5, 2021, states that he reviewed correspondence "regarding [the] status letter and offer," proposed a counteroffer in consultation with Andrew Cuddy, and "propose[d] scheduling dates." Billing Statement at 2. Plaintiff does not dispute DOE's assertion that all time billed on October 5, 2021, was for work done after Plaintiff had received DOE's offer of settlement. Mot. at 2 n.2. Accordingly, the Court can only consider hours billed prior to October 5, 2021, when determining whether the offer of settlement was greater than the fees awarded for work prior to receipt of the settlement offer. The Court awarded Plaintiff $23,977.87 for fees incurred prior to receipt of the offer of settlement.[2] Because that is less than the settlement offer, Plaintiff's attorneys' fee award is capped by fees awarded for work prior to October 5, 2021.

---

[2] That sum is comprised of the fees awarded for work done during the administrative proceeding ($22,627.49) and fees incurred in the federal court proceeding prior to October 5, 2021 ($1,350.38).

Plaintiff's argument that she was substantially justified in rejecting DOE's settlement offer is unavailing.  Courts have repeatedly declined to adopt the argument of plaintiffs represented by the Cuddy Law Firm that they were substantially justified in rejecting a settlement offer from DOE because (1) prevailing market rates in the community entitled their attorneys to higher hourly rates than reflected by DOE offers, and (2) the terms of the DOE offers required the plaintiff to waive his or her right to claim interest on the settlement amount. *See T.A. v. N.Y.C. Dep't of Educ.*, No. 21-CV-7104, 2022 WL 3577885, at *7 (S.D.N.Y. Aug. 19, 2022).

As the September 23, 2022, Opinion set forth, the prevailing market rates in the community are much closer to the amount DOE offered as its settlement than to the rates Plaintiff was charged by the Cuddy Law Firm.  *See* Opinion at 2–4.  Plaintiff's argument that she was substantially justified in rejecting the settlement offer because other courts in the Southern District of New York have awarded higher fees than DOE offered is unconvincing for the same reason.  In addition, many of the decisions cited by Plaintiff to justify her rejection of DOE's offer were decided *after* she had already rejected DOE's settlement offer.  *See, e.g.*, Pl. Obj. at 4. Finally, "if the DOE were to delay payment past the ninety-day statutory period for a municipality to pay all sums due to a plaintiff, *see* N.Y. C.P.L.R. § 5003-a, a plaintiff could bring a separate action seeking an award of interest on the settlement amounts." [3]  *T.A.*, 2022 WL 3577885, at *7  (quoting *R.P. v. N.Y. City Dep't of Educ.*, No. 21-CV-4054, 2022 WL 1239860, at *6 (S.D.N.Y. Apr. 27, 2022)) (alterations omitted).

---

[3]    While Plaintiff argues that such an action would not be possible under the terms of the settlement offer, *see* Pl. Opp., Dkt. 59 at 1 n.1, it is not clear why.  Plaintiff argues that the DOE offer required Plaintiff to waive her right to post-judgment interest pursuant to 28 U.S.C. § 1961, but says nothing about C.P.L.R. § 5003-a.  *See* Pl. Reply, Dkt. 39 at 9.

Plaintiff finally argues that, because the settlement amount bore no rational relationship to work performed after Plaintiff's last invoice on July 28, 2021, she was substantially justified in rejecting the settlement offer. Pl. Opp. at 2. This argument is absurd. The Cuddy Law Firm billed 1.2 hours between July 28, 2021, and the date of the settlement offer. Billing Statement at 1–2.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is GRANTED, and the Clerk of Court is respectfully directed to enter an amended judgment awarding Plaintiff $23,977.87 in fees and $760.57 in costs. The Clerk of Court is further directed to terminate the open motion at docket entry 58.

**SO ORDERED.**

Date: October 31, 2022  
      New York, NY

_____  
**VALERIE CAPRONI**  
**United States District Judge**