```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/26/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
M.R., INDIVIDUALLY and ON BEHALF OF J.R., A :
CHILD WITH A DISABILITY, :
                                  Plaintiff,     :         21-CV-5503 (VEC)
:
                -against-             :         ORDER & AMENDED
:                      JUDGMENT
NEW YORK CITY DEPARTMENT OF :
EDUCATION, :
:
                                  Defendant. :
:
-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

WHEREAS on October 31, 2022, the Court entered an Amended Judgment awarding Plaintiff $23,977.87 in fees and $760.57 in costs. When calculating that award, the Court awarded no fees for travel time between Auburn, NY and New York, NY for three in-person hearings and held that it was doubtful "that a reasonable client would retain an Auburn or Ithaca attorney over a New York City attorney if it meant paying New York city rates and billable time for each trip," Op., Dkt. 56 at 5 (cleaned up); *see also* Am. Op., Dkt. 64 at 7;

WHEREAS on October 4, 2022, Plaintiff appealed the judgment as originally entered in this case, and, on November 30, 2022, filed an amended notice of appeal following the entry of the Amended Judgment, Dkts. 63–65;

WHEREAS on January 31, 2023, the Second Circuit remanded the case for further proceedings following the Second Circuit's determination of the then-pending appeal in *H.C., Individually, and on behalf of J.C. a child with a disability v. New York City Department of Education*, No. 21-1582, and related appeals, Dkts. 66–67;

1

WHEREAS on June 21, 2023, the Second Circuit decided *H.C. v. New York City Department of Education*, 2023 WL 4094873 (2d Cir. June 21, 2023), holding, *inter alia*, that the Cuddy Law Firm should be awarded one hour of travel time, at the approved hourly rate, each way for trips taken from Auburn, NY for in-person proceedings in New York City, *id*. at *5;

WHEREAS on June 28, 2023, the parties jointly moved for reconsideration of the Court's decision denying Plaintiff's request for attorneys' fees for travel time associated with in-person proceedings in New York City, Letter, Dkt. 69;

WHEREAS on June 29, 2023, the Court entered a Second Amended Judgment granting the Cuddy Law Firm one hour of travel time, at the approved hourly rate, each way for three in-person merit hearings, and awarded Plaintiff $26,182.87 in fees and $760.57 in costs;

WHEREAS on July 12, 2023, the Second Circuit issued an errata order in *H.C. v. New York City Department of Education*, stating that the Cuddy Law Firm should be awarded "attorneys' fees for two hours of travel time at half the hourly rate the district court otherwise applied," Mot. Ex. 1 at 2, Dkt. 71;

WHEREAS following the errata order, Defendant moved for reconsideration of the Second Amended Judgment to decrease the award of travel time to an award calculated at half the approved hourly rate, Mot., Dkt. 72;

WHEREAS Plaintiff opposed the motion, Opp., Dkt. 73; and

WHEREAS a motion for reconsideration may be granted in light of "an intervening change of controlling law," *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

IT IS HEREBY ORDERED that the motion for reconsideration is GRANTED in light of the Second Circuit's recent errata order in *H.C. v. New York City Department of Education*, No.

21-1582.  Plaintiff is awarded fees for one hour of travel time each way for the three in-person merit hearings at half the approved hourly rate of $367.50 previously established for Nina Aasen, totaling $1,102.50 in fees, *see* Op. at 5–6.

Plaintiff opposes the motion for reconsideration on the sole ground that the errata order does not constitute a change in binding law and argues that the errata order should be limited to the facts of *H.C.*  Opp. at 1.  The Second Circuit, however, has instructed this Court to conduct further proceedings in accordance with the *H.C.* decision, Dkts. 66–67, and nothing in the *H.C.* decision suggests that the opinion or the errata order were limited to the facts of that case.  Accordingly, the Court finds that the errata order is "an intervening change of controlling law," *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255, and reconsideration is appropriate.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a Third Amended Judgment awarding Plaintiff $25,080.37 in fees and $760.57 in costs, to terminate the open motion at Dkt. 71, and to CLOSE the case.

**SO ORDERED.**

Date:  **July 26, 2023**
       **New York, NY**

                                                                       _____
                                                                        **VALERIE CAPRONI**
                                                                        **United States District Judge**